UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL - 1 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
                              Plaintiff, )
                   v. )

J. KOSKI TRUCKING, INC.
310 Belknap Street
Superior, Wisconsin 54880,

    Serve: Registered Agent
    John D. Koski
    2631 E. Tower Fire Lane
    Superior, Wisconsin 54880,

    and

J. KOSKI CO.
310 Belknap Street
Superior, Wisconsin 54880,

    Serve: Registered Agent
    CT Corporation System
    8040 Excelsior Drive, Suite 200
    Madison, Wisconsin 53717,

    and

THE JAMAR COMPANY
4701 Mike Colalillo Drive
Duluth, Minnesota 55807,

    Serve: Registered Office
    1100 Old Highway 8 N.W.
    New Brighton, Minnesota 55112,

    and

Case: 1:11-cv-01233
Assigned To : Boasberg, James E.
Assign. Date : 7/1/2011
Description: Labor-ERISA

COMPLAINT

RECEIVED
Mail Room

JUL - 1 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

|  |  |
|---|---|
| and | ) |
|  | ) |
| **APi GROUP, INC.** | ) |
| **1100 Old Highway 8 N.W.** | ) |
| **New Brighton, Minnesota 55112,** | ) |
|  | ) |
| Serve: Registered Office | ) |
| 1100 Old Highway 8 N.W. | ) |
| New Brighton, Minnesota 55112, | ) |
|  | ) |
| **Defendants.** | ) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMGES DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension Fund is a multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund is established and maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement

and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(1). The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2. Defendant J. Koski Trucking, Inc. is incorporated in Wisconsin with an office located at 310 Belknap Street, Superior, Wisconsin, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

3. Defendant J. Koski Co. is incorporated in Wisconsin with an office located at 310 Belknap Street, Superior, Wisconsin, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

4. Defendant The Jamar Company is incorporated in Minnesota with an office located at 4701 Mike Colalillo Drive, Duluth, Minnesota, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

5. Defendant APi Group, Inc. is incorporated in Minnesota with an office located at 1100 Old Highway 8, N.W., New Brighton, Minnesota, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and

Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

6. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement and trust agreement. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145 and federal common law pursuant to 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over the Defendants pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

8. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

9. Defendant J. Koski Trucking, Inc. has been bound at all relevant times to the National Pipeline Agreement that governs the wages, benefits and terms and conditions of employment of employees performing work covered by that Agreement.

10. Defendant J. Koski Trucking, Inc. also trades as J. Koski Co.

11. Defendant J. Koski Co. has been bound at all relevant times to the National Pipeline Agreement that governs the wages, benefits and terms and conditions of employment of employees performing work covered by that Agreement.

12. The Defendants J. Koski Trucking, Inc. and J. Koski Co. are collectively referred to herein as the Koski Defendants.

13. The Koski Defendants, through the National Pipeline Agreement, are bound by the collection procedures of the Central Pension Fund.

14. Pursuant to the National Pipeline Agreement, the Koski Defendants agreed to pay to the Central Pension Fund certain sums of money for each hour worked by employees of the Koski Defendants performing work covered by the Agreement.

15. Between the period of February 2009 through December 2010, the Koski Defendants employed employees performing work under the National Pipeline Agreement.

16. During the time noted above, the Koski Defendants failed to pay to the Central Pension Fund all of the contributions owed.

17. The Central Pension Fund first learned in March 2011 that the Koski Defendants had failed to pay contributions owed for worked performed under the Agreement.

18. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

19. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for interest at the rate of 9% simple interest.

20. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for all costs, audit expenses and attorneys' fees.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND AGAINST J. KOSKI TRUCKING, INC. AND J. KOSKI CO.)

21. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in this Count I.

22. The Koski Defendants have failed to pay the required contributions to the Central Pension Fund from February 2009 to December 2010 in the amount of $108,211.50.

23. By virtue of the failure to pay all contributions as contractually required, the Koski Defendants are in contravention of the National Pipeline Agreement and the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Sections 502 and 515 of ERISA.

24. The Koski Defendants have failed to pay liquidated damages and interest for late and unpaid contributions owed to the Central Pension Fund.

25. The Central Pension Fund is entitled to judgment for all contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus costs, audit and attorneys' fees against the Koski Defendants.

## COUNT II

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND AGAINST THE JAMAR COMPANY AND APi GROUP, INC.)

26. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 25 as if fully set forth in this Count II.

27. The Defendants The Jamar Company and APi Group, Inc. assumed the assets and/or business operations of the Koski Defendants in approximately February 2011 (the "Acquisition").

28. The Defendants The Jamar Company and APi Group, Inc. had both actual knowledge and constructive notice of the Koski Defendants' obligations and the delinquency to the Central Pension Fund at the time of the Acquisition.

29. There is a continuity of operations between the Koski Defendants and the Defendants The Jamar Company and APi Group, Inc. consisting of, among other things,

   a. a continuity of workforce

   b. a continuity of management

   c. a continuity of equipment

   d. a continuity of location

   e. a continuity of work

   f. a continuity of customers

30. The balance of equities and fairness require that the Defendants The Jamar Company and APi Group, Inc. are successors in interest to the Koski Defendants.

31. The Defendants The Jamar Company and APi Group, Inc. are successors in interest to the Koski Defendants for purposes of ERISA and other relevant law.

32. By virtue of its successor status, the Defendants The Jamar Company and APi Group, Inc. are liable for all of the obligations that the Koski Defendants owe to the Central Pension Fund, including the delinquent contributions and other amounts described in Count I of this Complaint.

33. The Central Pension Fund is entitled to judgment against Defendants The Jamar Company and APi Group, Inc. for all contributions, plus all unpaid liquidated damages and interest on late and unpaid contributions, plus costs, audit and attorneys' fees owed by the Koski Defendants.

34. The allegations in Paragraphs 27, 28 and 29 of this Complaint are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery

**WHEREFORE,** Plaintiff prays judgment for Counts I and II against the Defendants jointly and severally as follows:

A. For unpaid contributions due and owing to the Plaintiff for the period of February 2009 through December 2010.

B. For liquidated damages for any late and unpaid contributions owed as provided for in the National Pipeline Agreement, the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2).

C. Interest, costs, audit and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2), the National Pipeline Agreement and the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

D. An Order declaring The Jamar Company and APi Group, Inc. to be the successors to J. Koski Trucking, Inc. and J. Koski Co.

E. Such further relief as the Court deems appropriate.

                      Respectfully submitted,

Dated: June 29, 2011        **O'DONOGHUE & O'DONOGHUE LLP**
                                      4748 Wisconsin Avenue, N.W.
                                        Washington, D.C. 20016
                                        Telephone: (202) 362-0041
                                        Facsimile: (202) 327-1200

By:                        /s/
                                        R. Richard Hopp (Bar No. 432221)

                                        *Attorney for the Plaintiff*